IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00709-MR

| | |
|---|---|
| RICHARD BOLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU SMITH, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding *in forma pauperis*. [See Doc. 8].

**I.  BACKGROUND**

*Pro se* incarcerated Plaintiff[1] filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Lanesboro Correctional Institution. Plaintiff names as Defendants: FNU Dees, FNU Hildreth, and FNU Smith, who were all correctional officers at Lanesboro C.I.; and "John Doe's [sic]." [Doc. 1 at 1].

Plaintiff alleges that he is a mental health level-3 inmate who was on a segregation/control housing unit on February 4, 2017 where Defendants

---

[1] Plaintiff presently resides at the Alexander Correctional Institution.

Smith, Hildreth, and Dees were assigned as custody staff. Plaintiff appears to allege that inmates on the unit are violent or mentally disordered, and require frequent observation to monitor self-injurious behavior.

Plaintiff alleges that he obtained "k-2" which he lit and inhaled then lost consciousness for two or three hours. [Doc. 1 at 5-6]. Plaintiff alleges that Defendants Dees, Hildreth, and Smith failed to discover him unconscious even though they were required by policy to personally observe him at least every hour. [Doc. 1 at 5]. When Plaintiff regained consciousness, his mattress was on fire, his legs and feet were burning, his cell was full of smoke, other inmates were kicking doors and yelling for help, and a fire alarm was sounding. John Doe came to Plaintiff's cell and threw water through the door trap but did nothing else. Giving the Plaintiff the benefit of a favorable inference, it appears that the Plaintiff attempts to allege that Defendant Smith and other staff were present outside the cell but unreasonably delayed in opening the cell or rendering any aid. [Doc. 1 at 6].

Plaintiff alleges that, when Jane Doe Nurse arrived, she asked why staff were waiting, and instructed them to open the cell door. Plaintiff was taken to the prison medical department then was airlifted to a burn center where he received skin grafts over 15% of his body and other medical

2

procedures. Plaintiff alleges that he did not receive any disciplinary action as a result of the incident.

Plaintiff seeks declaratory judgment, injunctive relief, compensatory, punitive, and nominal damages, and a jury trial.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set

3

forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" and protects prisoner from the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). To establish a violation of the Eighth Amendment, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission ... 'result[s] in the denial of the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). To demonstrate that a deprivation is extreme enough to satisfy the objective component of an Eighth Amendment claim, a prisoner

4

must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993), or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions, Helling v. McKinney, 509 U.S. 25, 36 (1993).

Plaintiff has plausibly alleged that Defendants Dees, Hildreth, and Smith were deliberately indifferent to Plaintiff's health and safety by failing to adequately monitor his condition and timely respond to the fire in his cell. Plaintiff further alleges that, upon discovering Plaintiff on fire, Defendant John Doe merely threw water through the door trap and that John Doe, Defendant Smith, and other unnamed staff failed to open the cell or render immediate emergency aid. The deliberate indifference claims against Defendants Dees, Hildreth, and Smith which will be permitted to proceed. However, the claims against John Doe and other unnamed staff will be dismissed without prejudice to join additional parties as defendants pursuant to Fed. R. Civ. P. 20(a)(2).

It appears that Plaintiff is also attempting to name Jane Doe Nurse as a Defendant. Plaintiff alleges that, upon arriving at Plaintiff's cell, Jane Doe Nurse ordered the cell to be immediately opened and Plaintiff was removed from the cell and provided emergency care. The immediate provision of

5

medical care fails to state a claim for deliberate indifference. Plaintiff's claim against Jane Doe Nurse will therefore be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's deliberate indifference claim has survived initial review as to Defendants Dees, Hildreth, and Smith, and the remaining claims are dismissed without prejudice.

This Court's Local Civil Rule 4.3 sets forth the procedure to waive service of process for current or former employees of NCDPS in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Dees, Hildreth, and Smith, who are alleged to be current or former employees of NCDPS.

**IT IS, THEREFORE, ORDERED** that Plaintiff's deliberate indifference claim against Defendants Dees, Hildreth, and Smith has survived initial review. Plaintiff's remaining claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6

Case 3:19-cv-00709-MR   Document 9   Filed 09/21/20   Page 6 of 7

The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Dees, Hildreth, and Smith, who are alleged to be current or former employees of NCDPS.

**IT IS FURTHER ORDERED THAT** the Clerk shall mail Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW.

**IT IS SO ORDERED.**   Signed: September 21, 2020

Martin Reidinger
Chief United States District Judge

7

Case 3:19-cv-00709-MR   Document 9   Filed 09/21/20   Page 7 of 7