# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:19-cv-00709-MR

| | |
|---|---|
| RICHARD BOLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DARRICK C. PHILEMON, et al., | )  **ORDER** |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 21]. Plaintiff is proceeding *in forma pauperis*. [See Doc. 8].

## I.   BACKGROUND

The *pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Lanesboro Correctional Institution.[1] The Complaint passed initial review on claims that three correctional officers—identified as FNU Dees, FNU Hildreth, and FNU Smith—were deliberately indifferent to the Plaintiff's health and safety when responding to a fire in the Plaintiff's cell. [Doc. 9].

---

[1] The Plaintiff alleges that the claims also arose at Alexander Correctional Institution, the prison where he was incarcerated when he filed the Complaint. [Doc. 21 at 7]. However, he does not name any Defendants employed at Alexander C.I. or describe any incidents that allegedly occurred there. The Plaintiff was released from custody on February 9, 2021.

The Clerk issued a Request for Waiver of Service to the North Carolina Department of Public Safety (NCDPS) pursuant to LCvR 4.3 [Doc. 10], but NCDPS was unable to identify the individuals whom Plaintiff intended to sue after reviewing the available records and the Complaint. [See Doc. 15]. The Court ordered the Plaintiff to provide additional information so that the individuals he seeks to sue can be identified and served. [Doc. 16]. The Plaintiff complied with the Court's Order [Doc. 18], but then sought leave to amend the claims and parties [Doc. 17]. On January 8, 2021, the Court granted the Plaintiff 30 days to file a superseding Amended Complaint including all the claims and parties on which he intends to proceed. [Doc. 20]. The Amended Complaint is now before the Court for initial review. [Doc. 21].

In his Amended Complaint, the Plaintiff asserts § 1983 claims of deliberate indifference and of negligence under North Carolina law arising out of the incident in his cell. In this pleading, the Plaintiff no longer asserts claims against FNU Dees, FNU Hildreth, and FNU Smith. Instead, he now names as Defendants: Lanesboro Correctional Institution; the North Carolina Department of Public Safety; Darrick C. Philemon, a correctional lieutenant at Lanesboro C.I.; and Christopher J. Breinich, a nurse at Lanesboro C.I.[2]

---

[2] Because the Plaintiff has now asserted claims against entirely new Defendants, the

The Plaintiff alleges that he was involved in a "freak accident fire" in his cell on February 4, 2017. [Doc. 21 at 5]. He had obtained and inhaled "K2 Spice," a potent drug, which rendered him unconscious in his cell. [Id.]. He awoke on fire while other inmates were kicking and yelling to summon help after observing smoke billowing from his cell door. Defendant Harrington arrived at the Plaintiff's door and the Plaintiff asked him for help. Other officers arrived and told the Plaintiff to come to the door. However, the Plaintiff was unable to move and officers said "let his dumb ass burn." [Id.]. The Plaintiff kept calling for help and the officers kept telling him to come to the door. [Id.].

The Plaintiff alleges that Defendant Philemon knew that the Plaintiff was being burned but did not call a "code 5" for the fire and failed to pull the Plaintiff from the cell for 15 minutes. [Id. at 4]. The Plaintiff alleges that a code 5 would have summoned trained staff to timely extract the Plaintiff from his cell which would have minimized his injuries. [Id. at 5-6]. The Plaintiff further alleges that Defendant Philemon allowed, or was involved in, jokes about the Plaintiff being on fire. [Id. at 4].

The Plaintiff notes that the incident occurred in a maximum security ICON cell for high-risk inmates that is required to be monitored every 30

---

Court will direct the Clerk to amend the caption accordingly.

minutes, however, he alleges that the monitoring rarely occurred even on an hourly basis. Further, the cell that the Plaintiff occupied is in a "borderline blind spot" that was outside the view of the control booth. [Id. at 6]. The sprinkler system did not reach inside the cells and provided him no assistance. [Id.].

A nurse eventually came to the cell block and instructed officers to extract the Plaintiff. He was taken to the medical department where Defendant Breinich put water on his foot, or allowed someone else to do so, even though the Plaintiff said "do not touch me I need a hospital." [Id. at 4]. This sent the Plaintiff into shock. [Id. at 5].

The Plaintiff was transported to the Chapel Hill Burn Center in a helicopter. The Plaintiff stayed at the hospital for three and a half or four months where he received "countless surgeries," skin grafts, and "wound vacs" for the burns and infections. [Id.]. The Plaintiff subsequently received additional treatment, including physical therapy and laser therapy. The Plaintiff appears to allege that the medical care that he received in prison after returning from the burn center was "poor and trying for [him]" and was not equivalent to the treatment from an outside hospital.[3] [Id.]. The Plaintiff

---

[3] The Plaintiff does not identify the prison at which he received the allegedly inadequate care after returning from the burn center.

4

did not finish his surgeries "due to [too] much pain and suffering physically & mentally while under care of the prison system." [Id.]. He was told repeatedly "don't cry now you did it to yourself…." [Id.]. The Plaintiff alleges that he still takes medication for pain and nerve damage and that his injuries have resulted in poor balance and difficulty standing. [Id.].

The Plaintiff seeks damages for his injuries and for pain and suffering. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Eleventh Amendment bars suits directly against a state or its agencies, unless the state has waived its immunity or Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Congress has not imposed § 1983 liability upon states, and the state of North Carolina has done nothing to waive its immunity. Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989) (citing McConnell v. Adams, 829 F.2d 1319, 1328 (4th Cir. 1987)). Further, NCDPS and prisons are not "persons" for purposes of § 1983. See Will, 491 U.S. at 71 ("neither a state nor its officials acting in their official capacities are 'persons' under § 1983"); Fox v. Harwood, 2009 WL 1117890, at *1 (W.D.N.C. April 24, 2009) (neither NCDPS nor any of its

facilities are "persons" under § 1983).  Therefore, the Plaintiff's claims against NCDPS and Lanesboro C.I. are not cognizable in this § 1983 action, and therefore, such claims are dismissed with prejudice.

The Plaintiff alleges that Defendant Philemon did not call a "code 5" for the fire and failed to pull him from the cell for 15 minutes while knowing that the Plaintiff was being burned, which exacerbated his injuries.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" and protects prisoner from the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)).  To establish a violation of the Eighth Amendment, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991).

The Plaintiff has plausibly alleged that Defendant Philemon was deliberately indifferent to a serious risk of harm by failing to provide immediate assistance to him while he was on fire.  This claim will be permitted to proceed.

The Court will also exercise supplemental jurisdiction over the Plaintiff's North Carolina negligence claim against Defendant Philemon. See

Blackwell v. Hatley, 202 N.C.App. 208, 212, 688 S.E.2d 742, 746 (2010) (North Carolina law requires that "in order to prevail in a negligence action, [a plaintiff] must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages."); 28 U.S.C. § 1367(a) (federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy.").[4]

The Plaintiff appears to allege that Defendant Breinich was deliberately indifferent for pouring water on his feet and that the care he received at NCDPS after he returned from the burn center was inadequate.

The Eighth Amendment encompasses a right to medical care for serious medical needs, including psychological needs. See Estelle, 429 U.S. at 103-04. To state a claim for deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United

---

[4] In allowing this claim to pass initial review, the Court expresses no opinion as to whether the State has waived its sovereign immunity for such claim. See N.C. Gen. Stat. § 143-291(a); Stewart v. North Carolina, 393 F.3d 484, 490 n.3 (4th Cir. 2005); Hooper v. North Carolina, 379 F.Supp.2d 804, 812 (M.D.N.C. 2005) ("[T]he State of North Carolina has not waived its sovereign immunity regarding any tort claims other than claims of negligence brought before the Industrial Commission under Article 31 of Chapter 143 of the Tort Claims Act.").

States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)).  A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Iko, 535 F.3d at 241 (internal quotation marks omitted).  To constitute deliberate indifference to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness."  Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825.  However, mere negligence or malpractice does not violate the Eighth Amendment.  Miltier, 896 F.2d at 852.  Further, "mere '[d]isagreements between an inmate and a physician over the inmate's proper medical care' are not actionable absent exceptional circumstances."  Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) (quoting Wright v. Collins, 766 F.2d 841, 840 (4th Cir. 1985)).

The Plaintiff's allegation that Defendant Breinich was deliberately indifferent by pouring water on his feet fails to state a claim.  The Plaintiff fails to allege how Defendant Breinich's actions were unnecessary, wanton, incompetent, or excessive, or that he had a deliberately indifferent state of mind whatsoever.  Accordingly, this claim will be dismissed.

The Plaintiff's allegations about the poor quality of care he received after he returned to NCDPS from the burn center are also insufficient to proceed. The Plaintiff fails to: identify the prison at which this allegedly inadequate care occurred; identify the individual(s) who provided the allegedly inadequate care; or describe how the care he received was deliberately indifferent.[5] See Fed. R. Civ. P. 8(a)(2) (a short and plain statement is required). Further, his general dissatisfaction with the treatment he received at NCDPS fails to state a claim that the care was not constitutionally adequate or that any inadequacy was due to deliberate indifference. See generally Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Moreover, the Plaintiff was only entitled to adequate care, not the care that he would have preferred or that would have received elsewhere. Scinto, 841 F.3d at 225. His general allegations

---

[5] Any claims against individuals not named as Defendants are nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served).

fail to state a plausible claim for deliberate indifference to a serious medical need and are dismissed.

The Plaintiff further complains that Defendant Breinich violated his constitutional rights dousing his burning feet without his consent.

The Due Process Clause of the Fourteenth Amendment substantively protects inmate from unjustified intrusions into the body, including the right to refuse unwanted medical treatment. King v. Rubenstein, 825 F.3d 206 (4th Cir. 2016). However, prison regulations may impinge on a prisoner's constitutional rights without violating due process if they are reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78 (1987). For instance, the Fourth Circuit has held in the context of mental health care that the emergency involuntary administration of psychotropic medication to an inmate does not violate due process where the inmate is a danger to himself or others. See Hogan v. Carter, 85 F.3d 1113 (4th Cir. 1996).

Defendant Breinich's actions in placing water on the Plaintiff's injuries was reasonably related to a legitimate penological interests of halting the damage to the Plaintiff's body and allowing him to be airlifted to a burn center. This provision of emergency medical aid, although unwanted, was necessary and reasonable under any measure. See, e.g., Hogan, 85 F. 3d

11

1113 (prison physician did not violate due process by administering an emergency dose of psychotropic medication to an inmate who was a danger to himself and others without first conducting a pre-deprivation hearing); Davis v. Agosto, 89 F. App'x 523 (6th Cir. 2004) (forcing inmate to undergo sutures for a head wound was a "one-time, medically-necessary procedure [that] was far from 'unnecessary and wanton,' and indeed was necessary to close an open wound that posed a threat to [the inmate's] health and safety."). The claim against Defendant Breinich for unwanted medical treatment will, therefore, be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's deliberate indifference claim has survived initial review as to Defendant Philemon and the Court will exercise supplemental jurisdiction over the Plaintiff's negligence claim against that Defendant as well. The claims against NCDPS and Lanesboro C.I. are dismissed with prejudice. The remaining claims are dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's deliberate indifference and negligence claims against Defendant Philemon have survived initial review and are permitted to proceed.

**IT IS FURTHER ORDERED** that the Plaintiff's claims against NCDPS and Lanesboro C.I. are **DISMISSED WITH PREJUDICE**; the Plaintiff's claims against Defendant Breinich are **DISMISSED WITHOUT PREJUDICE**; and the Plaintiff's remaining claims of deliberate indifference are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the caption of this action is hereby **AMENDED** so as to reflect the Defendants named in the Plaintiff's Amended Complaint.

The Clerk of Court is respectfully directed to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Philemon, who is alleged to be a current or former employee of NCDPS.

The Clerk of Court is further directed to terminate Christopher J. Breinich, Lanesboro/Anson Correctional Institute, and the North Carolina Department of Public Safety as defendants in this action.

**IT IS SO ORDERED.**

Signed: June 1, 2021

Martin Reidinger
Chief United States District Judge