THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.  3:19-CV-00709-MR

| | |
|---|---|
| RICHARD BOLEN,                     ) | **MEMORANDUM OF LAW IN** |
| ) | **SUPPORT OF** |
| Plaintiff,         ) | **DEFENDANT'S** |
| ) | **RESPONSE IN OPPOSITION** |
| v.                                 ) | **TO PLAINTIFF'S** |
| ) | **MOTION FOR** |
| DARRICK PHILEMON,              ) | **SUMMARY JUDGMENT** |
| ) | **AND DEFENDANT'S MOTION** |
| Defendant.        ) | **FOR LEAVE TO WITHDRAW** |
| ) | **OR AMEND ADMISSIONS** |

NOW COMES Defendant, Darrick C. Philemon, ("Defendant" or "Philemon"),
through counsel, Special Deputy Attorney General Bryan G. Nichols, and hereby
submits this memorandum of law in opposition to Plaintiff's Motion for Summary
Judgment and also moving for leave to withdraw or amend the admissions pursuant
to Federal Rule of Civil Procedure 36(b) and deem them timely served pursuant to
Federal Rule of Civil Procedure 6(b).

Defendant hereby incorporates by reference into this Response and Motion
their previously filed Motion for Summary Judgment, the Memorandum in support
of Defendant's Motion for Summary Judgment, and the appendix to the
Memorandum filed in this matter, including the declaration of Defendant.

Plaintiff has not and cannot establish that Defendant violated Plaintiff's
constitutional rights, nor has he raised a genuine issue of material fact regarding the
same. Therefore, Defendant's Motion for Summary Judgment should be granted and
Plaintiff's claims should be dismissed with prejudice.

Furthermore, the court may allow withdrawal of the admissions when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action or defense of the merits. Defendant has now responded to the Request for Admissions. Withdrawal or Amendment of the Deemed Admissions will promote presentation of the merits of this case. Plaintiff will not be prejudiced in maintaining the action withdrawing the admissions. Good cause exists to withdraw or amend defendants' admissions.

## STATEMENT OF THE CASE

Pro se incarcerated Plaintiff commenced this action by filing a Complaint on December 23, 2019 pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Lanesboro Correctional Institution [D.E. 1] Defendant Philemon is not named as a defendant nor mentioned in the initial Complaint. *Id.*

On September 21, 2020, the court entered an order for frivolity review and allowed claims against all three correctional officers identified as FNU Dees, FNU Hildreth and FNU Smith to proceed alleging that they were deliberately indifferent to the Plaintiff's health and safety when responding to a fire in the Plaintiff's cell. [D.E. 9]

On December 1, 2020, Plaintiff filed a motion to amend the complaint, which was granted by the Court. [D.E. 17, 20] On January 26, 2022, Plaintiff filed the Amended Complaint, abandoning claims against FNU Dees, FNU Hildreth, and FNU Smith, instead naming "Lanesboro Correctional Institution; the North Carolina

Department of Public Safety; Darrick C. Philemon, a correctional lieutenant at Lanesboro C.I.; and Christopher J. Breinich, a nurse at Lanesboro C.I." as defendants. *Id*. In his Amended Complaint, the Plaintiff asserts § 1983 claims of deliberate indifference and of negligence under North Carolina law arising out of the incident in his cell. *Id*.

On June 1, 2021, the court completed its frivolity review as to the Amended Complaint and found that the claims against Defendant Darrick Philemon survived the initial review as to the Plaintiff's deliberate indifference and negligence claims and directed the Clerk to continue management of the case. [D.E. 23] The remaining claims against the remaining defendants were dismissed in the frivolity order [D.E. 23]

On June 17, 2021, attorney Matthew Gabale filed a notice of appearance on behalf of Plaintiff. [D.E. 27] On December 12, 2021, Defendant Philemon filed an Answer and defenses in this matter [D.E. 31] Specifically in Defendants Philemon's Answer he responded "it is specifically denied that Answering Defendant violated the Eighth Amendment to the U.S. Constitution, by acting with deliberate indifference against Plaintiff, or acting with a sufficiently culpable state of mind at any time referenced in the Complaint. [D.E. 31 at 3]

On December 6, 2021, the Court entered the Initial Order Regarding Planning and Scheduling establishing deadlines for completion of discovery and for the filing

of dispositive motions setting the deadline for <u>completion</u> of discovery by April 4, 2022 and the deadline to file dispositive motions by May 2, 2022. [D.E. 34]

On December 17, 2021, prior counsel for Defendants, attorney Adrina Bass, left her employment with this section of the public safety section of the Attorney General's office.

On April 4, 2022, the day of the deadline for completion of discovery, Plaintiff's counsel, purportedly with consent of attorney Bass who had not worked in this section for over four months, filed a motion to extend the discovery deadline until September 5, 2022 and to extend the dispositive motion deadline until October 3, 2022 which was granted by the Court. [D.E. 35]

On April 6, 2022, undersigned counsel was assigned this case by his supervisor and he also filed a Notice of Substitution of Counsel on behalf of Defendant Philemon. [D.E. 36]

On October 3, 2022, undersigned counsel filed a Motion for Extension of Time to file Dispositive Motions, which was granted by the Court setting the dispositive motion deadline on November 3, 2022 with no more extensions allowed. [D.E. 37]

On November 3, 2022, Defendant filed his motion for summary judgment along with the supporting memorandum of law, declaration and other supporting documents. [D.E. 40, 41, 42] On November 3, 2022, Plaintiff also filed his motion for summary judgment along with supporting documents. [D.E. 38,39]

4

## **STATEMENT OF FACTS**

I.      Plaintiff's Allegations

Plaintiff's allegations, in the operative Amended Complaint are that Defendant Philemon was deliberately indifferent and negligence regarding the incident that occurred on February 4, 2017. [D.E. 21]

In the Amended Complaint, the Plaintiff alleges that he was involved in a "freak accident fire" in his cell on February 4, 2017. [D.E. 21 at 5]. He had obtained and inhaled "K2 Spice," a potent drug, which rendered him unconscious in his cell. [Id.]. He awoke on fire while other inmates were kicking and yelling to summon help after observing smoke billowing from his cell door. Defendant Harrington arrived at the Plaintiff's door and the Plaintiff asked him for help. Other officers arrived and told the Plaintiff to come to the door. However, the Plaintiff was unable to move and officers said "let his dumb ass burn."  The Plaintiff kept calling for help and the officers kept telling him to come to the door. [Id.]. The Plaintiff alleges that Defendant Philemon knew that the Plaintiff was being burned but did not call a "code 5" for the fire and failed to pull the Plaintiff from the cell for 15 minutes.  The Plaintiff alleges that a code 5 would have summoned trained staff to timely extract the Plaintiff from his cell which would have minimized his injuries. [Id at 5-6].

The Plaintiff further alleges that Defendant Philemon allowed, or was involved in, jokes about the Plaintiff being on fire. [Id at 4]. The Plaintiff alleges that Defendant Philemon did not call a "code 5" for the fire and failed to pull him from the

cell for 15 minutes while knowing that the plaintiff was being burned, which exacerbated his injuries.

## II.   DEFENDANT'S UNDISPUTED EVIDENCE

Richard L. Bolen ("Plaintiff "), OPUS Number  0631731 was  serving a twelve (12) year prison term for habitual felon, common law robbery, felony breaking and entering and larceny of a motor vehicle when this incident occurred on February 4, 2017. [Ex. 1] Plaintiff has since been released from prison. *Id.*  See printout from the Offender Population Unified System ("OPUS") attached as Exhibit 1 to Appendix.

Defendant Darrick Philemon is employed with the North Carolina Department of Public Safety ("Department") as a  Lieutenant at Anson Correctional Institution formerly known as Lanesboro Correctional Insitution. (Ex. 2 Philemon Declaration at 2) He was also employed as a Lieutenant at Lanesboro/Anson when this incident occurred and when the  lawsuit was filed.  *Id.* As Lieutenant at Anson/Lanesboro C.I., he has a large number of areas of responsibilities.

On February 4, 2017, at approximately 1520 hours, he was radioed by the Anson Unit Sergeant that Richard Bolen had set a cell fire. *Id.* at 3 He was not aware of the situation until notified by the Sergeant and other correctional officers who were already there at the cell door. *Id.* at 4 When he was notified by radio of the incident, he was in another part of the prison working. *Id.* at 4 At the time, he thought this was a cell fire intentionally started by inmate Bolen to cause a disturbance, as this

was not uncommon for inmates to do. *Id.* at 5 At no time was he aware that inmate Bolen was actually burning or needed help. *Id.* at 6 Once notified, he immediately radioed back to put out the fire. At no time did he tell anyone not to open the door or wait for me to arrive. *Id.* at 7 He responded to the incident as immediately as possible once he became aware of it from the Sergeant. *Id.* at 8 Defendant Philemon does not need to be present for a cell door to be opened. *Id.* at 9

Once Philemon arrived at the cell, he saw staff outside the cell with the food passage door open, venting the smoke out of the cell. *Id.* at 10 Philemon ordered inmate Bolen to submit to hand restraints and received no response. *Id.* at 11 Because of the smoke, it was impossible to see inmate Bolen in his cell. *Id.* at 12 Philemon advised staff to release the cell door and had staff place a shield in place. *Id.* at 13 Once the door was opened, the smoke cleared and inmate Bolen then began talking to staff. *Id.* at 14 Philemon observed inmate Bolen sitting on his mattress on the floor with charred burn marks around him. Medical staff were on the unit. *Id.* at 15 A wheel-chair was taken into the cell and inmate Bolen was assisted into it and mechanical restraints were applied. *Id.* at 16 They escorted him to main medical. Inmate Bolen was later sent to outside medical for further treatment. *Id.* at 17

Philemon then notified the facility duty officer of the situation by telephone. *Id.* at 18 At no time did Philemon say,"let his dumb ass burn" or hear anyone else say this or anything remotely related to this. *Id.* at 19 At all times, Philemon remained professional and expected staff under me to do the same. *Id.* at 20 Philemon did not

7

know that Bolen had set himself on fire in his cell until the door was in fact opened and he saw his burns. *Id.* at 20

Around the time of this incident, it was common for inmates to set fires in their cells, intentionally not respond and then attack correctional officers when the door was opened. *Id.* at 21 Personally, Philemon was attacked by another inmate this way around this time. *Id.* at 22  Philemon is also aware of other incidents from around this time where specific  inmates would set cell fires, not respond to calls, then attack correctional officers when they opened the door. *Id.* at 22.

STATEMENT OF FACTS REGARDING MOTION TO WITHDRAW  ADMISSIONS

In Plaintiff's memorandum in support of his motion for summary judgment, he states that on August 5, 2022, his attorney Mr. Gambale hand delivered a copy of the discovery to the North Carolina Attorney General's office at 114 W. Edenton Street in Raleigh, NC 27603. Undersigned counsel was not aware that Request for Admissions had been served in this case until Plaintiff filed their Motion for Summary Judgment. On November 4, 2022, the same day undersigned counsel became aware that Request for Admissions had been served in this case, they were completed and the responses were served on Plaintiff's counsel. *See attached as Exhibit A.*

On November 4, 2022, undersigned counsel explained to opposing counsel that he was unaware there were any request for admissions served in this case and asked whether they would consent to a motion to withdraw or amend the admissions pursuant to Rule 36(b). Plaintiff's counsel responded that at his client's direction he

could not consent and would oppose the motion. Furthermore in the several email exchanges between the attorneys, the Request for Admissions were never addressed or mentioned by either side

## LEGAL ARGUMENT

The Deliberate Indifference Claims Again Defendant Fail and Should Be Dismissed.

As the movant for summary judgment, Plaintiff must show that he is entitled to such judgment as a matter of law. Rule 56(a) provides, in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has "the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Rule 56(c)).

Here, Plaintiff has provided no sworn testimony or otherwise competent evidence for this Court to consider in support of his Motion for Summary Judgment or in opposition to Defendant's Motion for Summary Judgement.

Plaintiff only argues that there is no genuine dispute based on the request for admissions. Defendant clearly disputes the allegations made against him regarding violating Plaintiff's constitutional rights as was outlined in the Answer. Defendant has also responded to the Request for Admissions and has moved to withdraw or amend any admissions.

9

Summary judgment is appropriate where the court is satisfied "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of showing the absence of any such "genuine dispute" rests with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[I]f the moving party will bear the burden of persuasion at trial, then that party must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial." Timmer v. Mich. Dept. of Commerce, 104 F.3d 833, 843 (6th Cir. 1997) (citing Celotex Corp., 477 U.S. at 322-23).

Only after such an affirmative showing by the moving party does the burden of production shift to the nonmoving party to produce evidence of genuine dispute of material fact for trial. See McDonald v. Petree, 409 F.3d 724, 727 (6th Cir. 2005) (citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). The court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but only to determine whether there is a genuine issue of material fact for trial. Savage v. Federal Express Corp., 856 F.3d 440, 446 (6th Cir. 2017) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). The court must assume the truth of direct evidence submitted by the nonmoving party and must draw all justifiable inferences in favor of the nonmoving party. Anderson, 477 U.S. at 255.

<u>The Motion to Set Aside the Admissions Pursuant to Rule 36(b) Should be Granted.</u>

Pursuant to Federal Rule of Civil Procedure 36 if a party served with Requests for Admissions does not respond within thirty days following service, the matters are deemed admitted, "unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36. "[T]he sanctions expressed by Federal Rule of Civil Procedure 36(a) are not mandatory." *US. v. Turk*, 139 F.R.D. 615, 617-18 (D. Md. 1991). The court may allow withdrawal of the admissions "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal . . . will prejudice him in maintaining his action or defense of the merits." *Employers Labor Relations Ass'n*, 285 F. Supp. 2d 678, 681 (D. Md. 2003), affd, 391 F.3d 563 (4th Cir. 2004) "[T]he sanctions expressed by Federal Rule of Civil Procedure 36(a) are not mandatory," and in evaluating whether to grant a motion to withdraw or amend deemed admissions, the court has "considerable discretion over the withdrawal of the admissions[.]" *Turk* at -18; see also *Gutting v. Falstaff Bewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983) ("Therefore, the failure to respond in a timely fashion does not require the court automatically to deem all maters admitted.")

**Defendant has responded to the Request for Admissions**

Undersigned counsel was not aware that Request for Admissions had been served in this case until Plaintiff filed their Motion for Summary Judgment. On

November 4, 2022, the same day undersigned counsel became aware that Request for Admissions had been served in this case, they were completed and the responses were served on Plaintiff's counsel. *See attached as Exhibit A.* Defendant is moving to amended or withdraw admissions pursuant to those responses included as Exhibit A.

On November 4, 2022, undersigned counsel explained to opposing counsel that he was unaware there were any request for admissions served in this case and asked whether they would consent to a motion to withdraw or amend the admissions pursuant to Rule 36(b). Plaintiff's counsel responded that at his client's direction he could not consent and would oppose the motion. Furthermore, in the several email exchanges between the attorneys prior to Plaintiff filing his motion for summary judgment, the Request for Admissions were never addressed or mentioned by either side.

Plaintiff seems to rely on the RFPD numbers 6 through 12 as the basis of his Motion for Summary Judgment and to argue that there is no dispute as to any general fact. Without Plaintiff relying on the request for admissions his entire argument outlined in his Motion for Summary Judgment falls apart.

Defendants clearly denies the allegations made against him below. Defendant Philemon clearly denied all allegations of violating Plaintiff's constitutional rights in his Answer, as well as denied the allegations in his declaration, motion for summary judgment and also in the responses to the Request for Admissions below.

Plaintiff relies on the following Request For Admissions as the basis of his argument that summary judgment should be granted in his favor and that there is no dispute as to any general fact.

RFPD 6 - <u>Admit that you had an obligation to take action when the subject incident occurred.</u>

RESPONSE: It is admitted that any time there is a fire, disturbance or other incident at the facility it must be taken care of pursuant to policy.

RFPD 7- <u>Admit that you were the officer in charge of other officers' response to the subject incident at the time it occurred.</u>

RESPONSE: It is admitted Defendant Philemon was the officer in charge at the time of the incident. It is denied Defendant Philemon was "in charge of other officer's response to the subject incident at the time it occurred."

RFPD 8- <u>Admit that you could see smoke coming from Plaintiff's cell on a video monitor at the time the subject incident occurred.</u>

RESPONSE: It is denied that Defendant Philemon was aware smoke was coming from Plaintiff's cell before a Sgt. radioed to Defendant Philemon that there was smoking coming from Plaintiff's cell.

RFPD 9- <u>Admit that you acted with deliberate indifference when you failed to address the fire in Plaintiff's cell in a timely and reasonable manner.</u>

RESPONSE: It is denied Defendant Philemon acted with deliberate indifference. It is denied Defendant Philemon failed to address the fire in Plaintiff's cell in a timely and reasonable manner.

As Defendant Philemon already specifically stated on page 3, in paragraph D of his Answer to Plaintiff's Amended Complaint "it is specifically denied that Answering Defendant violated the Eighth Amendment to the U.S. Constitution, by acting with deliberate indifference against Plaintiff, or acting with a sufficiently culpable state of mind at any time referenced in the Complaint. [D.E. 31]

RFPD 10- <u>Admit that you stated "let his dumb ass burn" referring to Plaintiff.</u>

RESPONSE: Denied.

RFPD 11- Admit that your deliberate indifference toward Plaintiff caused him to suffer serious burns and lasting injury.

RESPONSE: Denied.

As Defendant Philemon already specifically stated on page 3, in paragraph D of his Answer to Plaintiff's Amended Complaint "it is specifically denied that Answering Defendant violated the Eighth Amendment to the U.S. Constitution, by acting with deliberate indifference against Plaintiff, or acting with a sufficiently culpable state of mind at any time referenced in the Complaint. [D.E. 31]

RFPD 12- Admit that your deliberate indifference toward Plaintiff worsened the severity and extent of his injuries.

RESPONSE: Denied.

As Defendant Philemon already specifically stated on page 3, in paragraph D of his Answer to Plaintiff's Amended Complaint "it is specifically denied that Answering Defendant violated the Eighth Amendment to the U.S. Constitution, by acting with deliberate indifference against Plaintiff, or acting with a sufficiently culpable state of mind at any time referenced in the Complaint. [D.E. 31]


On principles of equity, Defendant Philemon should be permitted to withdraw the disputed admissions. Generally request for admissions establish undisputed material facts to streamline litigation. They are not mean to permit one party to prevail in a case merely due to a missed deadline. Moreover, the purpose of the relief permitted in Rule 36(b) is to promote the presentation of cases on their merits. Alternative means are available to Plaintiff to advance his case, the merits of the case would not be served if the Court were to deny the instant Motion. Additionally, the result to Defendant would be a manifest injustice, yet no prejudice to Plaintiff.

14

## Withdrawal or Amendment of the Deemed Admissions Will Promote Presentation of the Merits

The admission that would otherwise "result from a failure to make timely answers should be avoided when to do so will aid in the presentation of the merits of the action." 8A Wright & Arthur, Federal Practice and Procedure §2257 (2d ed. 1994). "The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Conlon v. U.S.,* 474 F.3d 616, 625 (9th Cir. 2007) (relied upon by the 4th Circuit in *Bailey v. Christian Broad. Network,* 483 F. App'x 808 (4th Cir. 2012)).

Plaintiffs case at summary judgment depends largely, if not wholly, on the deemed admissions; those admissions go to the core of the Plaintiffs claims. Without the admissions plaintiff cannot show that Defendant violated his constitutional rights.

## The Withdrawal of the Admissions Will Not Prejudice the Plaintiff.

Plaintiff will not be prejudiced by the withdrawal or amendment of the deemed admissions. "Prejudice" in Rule 36 refers to "the prejudice stemming from reliance on the binding effect of the admission." *Kress,* 285 F. Supp, at 681 (citing 8A Wright & Arthur, Federal Practice and Procedure §2264 (2d ed. 1994)). A party is not prejudiced simply because they will have to now convince the fact finder of the truth. *Conlon,* 474 F.3d at 622 (internal citations omitted). "Rather, [prejudice] relates to the

15

difficulty a party may face in proving its case, *e.g.* caused by the unavailability of witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.* (quoting *Hadley v. U.S.,* 45 F.3d 1345, 1348 (9th Cir. 1995)). When making the determination as to whether a party has been prejudiced, the court should look at the prejudice they will suffer at trial *Conlon,* 474 F.3d at 623. The party relying on the deemed admissions bears the burden of providing prejudice. *Id.* at 622. Simply put, Plaintiff cannot meet that burden. First and foremost, a trial date has not been set in this case. *See* , 255 F.3d 1035, 1039-40 (9th Cir. 2001) (affirming the district court's grant of a Rule 36(b) motion to withdraw because the motion was made before trial and the nonmoving party would not have been hindered in presenting evidence); *see also Moosman v. Joseph P. Blitz, Inc.,* 358 F.2d 686, 688 (2d Cir. 1966) (holding that there was no prejudice when the trial date would not be delayed).

Because a trial date has not yet been scheduled, Plaintiff cannot attempt to argue that witnesses will be unavailable. Similarly, dispositive motions were just filed. *See Raiser v. Utah County,* 409 F.3d 1243, 1427 (10th Cir. 2005) (finding no prejudice when the nonmoving party relied on the deemed admissions in preparing its summary judgment motion); *see also Kirtley v. Sovereign Life Ins. Co. (In re Durability Inc.),* 212 F.3d 551, 556 (10th Cir. 2000) (holding that preparing a motion for summary judgment based on deemed admissions does not constitute prejudice). Furthermore, Plaintiff is well aware that Defendant is contesting liability and has been since the Answer was filed.

Plaintiff has had the benefit of having Defendants' Answers which clearly denies that Defendant was deliberately indifferent, said any derogatory comment towards Plaintiff or otherwise violated his constitutional rights. Thus, it is unlikely that Plaintiff will be able to prove that it has relied on the deemed admissions at all. Therefore Defendant should be permitted to withdraw admissions due to the plaintiffs failure to show reliance on the admissions at all, and thus failing to prove prejudice in maintaining the action.

The only prejudice here is the mere inconvenience to Plaintiff in having to proceed through litigation and prove its case. Plaintiff will suffer prejudice at trial (that is not even scheduled) simply because of the withdrawal or amendment of deemed admissions of which Plaintiff already had knowledge are in dispute. Accordingly, Plaintiff cannot meet its burden to prove that a delay in denying admissions will cause difficulty in maintaining its suit.

### Good Cause Exists to Withdraw or Amend Defendants' Admissions.

In evaluating a motion to withdraw deemed admissions, the court should consider the purpose of Rule 36. The purpose behind requests for admissions are "first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be." advisory note. The Rule should not be used to "harass the other side" or in hopes to get the adverse party to concede essential elements of their case. *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002). Discovery rules, such as Rule 36, should be used to ensure that all parties are well informed of the relevant facts prior to trial.

17

As noted above, Plaintiff is well aware that there are disputes what those disputes are, and will be more than prepared for trial (which has not yet been scheduled).

Refusing to permit Defendants to withdraw or amend their admissions will not serve the truth-seeking purpose of the discovery rules, but will instead serve as punitive punishment This court should also consider the culpability of the failing party, and the egregiousness of their conduct.

In this case, Defendant Philemon is blameless. Undersigned counsel was also completely unaware that there were Request for Admissions in this case and as soon as he became aware, served Plaintiff with responses. Undersigned counsel also reached out to opposing counsel immediately, explained that he was not aware of the request for admissions and asked for consent to move to withdraw the admissions, which was denied.

Defendant Philemon is not the type of blameworthy party that deserves such a severe sanction. The conduct was not willful. Accordingly, good cause exists to grant the instant motion and permit Defendant to withdraw or amend their deemed admissions.


**Federal Rule of Civil Procedure Rule 6(b)**

Rule 6(b) of the Federal Rules of Civil Procedure provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Whether neglect is excusable "is at bottom an equitable

[determination], taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). For the reasons stated above, good cause exists to permit Defendant to withdraw his admissions.

**<u>Plaintiff's Motion for Summary Judgment Fails Because it Does not Present Any Evidence Related to the Allegations in the Operative Complaint.</u>**

As part of the motion for summary judgment, Plaintiff only argues that there is no genuine dispute based on the request for admissions. Defendant clearly disputes the allegations made against him regarding violating Plaintiff's constitutional rights as was outlined in the Answer as well as the declaration and motion for summary judgment. Plaintiff has provided no sworn testimony or otherwise competent evidence for this Court to consider in support of his Motion for Summary Judgment or in opposition to Defendant's Motion for Summary Judgement. As a result Plaintiff's Motion for Summary Judgment should be denied.

### III. CONCLUSION

For the reasons set forth above, Defendant request that this Court grant their Motion to Withdraw or Amend Deemed Admissions and permit the responses Defendant served on Plaintiff to the Request for Admissions on November 4, 2022 to stand.

Additionally, Plaintiff has not and cannot establish that Defendant violated Plaintiff's constitutional rights, nor has he raised a genuine issue of material fact regarding the same. Therefore, Defendant's Motion for Summary Judgment should be granted and Plaintiff's claims should be dismissed with prejudice.

Respectfully submitted the 17th day of November, 2022.

**JOSHUA H. STEIN**
**Attorney General**

/s/ Bryan G. Nichols
Bryan G. Nichols
Special Deputy Attorney General
N.C. State Bar No. 42008
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, North Carolina 27602-0629
Telephone:   (919) 716-6568
Facsimile:    (919) 716-6761
Email:              bnichols@ncdoj.gov

## CERTIFICATE OF SERVICE

I, Bryan G. Nichols, hereby certify that on this day, I electronically filed the foregoing DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION FOR LEAVE TO WITHDRAW OR AMEND ADMISSIONS with the Clerk of the Court utilizing the CM/ECF system, which provides electronic notification to Plaintiff's counsel of record as follows:

Matthew Ryan Gambale
OSBORN GAMBALE BECKLEY & BUDD, PLLC
3801 Lake Boone Trail, Suite #400

Raleigh, NC  27607
matt@counselcarolina.com


This the 17th day of November, 2022.


/s/ Bryan G. Nichols

Special Deputy Attorney General
Public Safety Section
