# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:19-cv-00709-MR

| | |
|---|---|
| **RICHARD BOLEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **FNU SMITH, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 38]; the Defendant's Motion for Summary Judgment [Doc. 40]; the Plaintiff's Motion to Strike and for Sanctions [Doc. 43]; the Plaintiff's Motion to Compel and for Sanctions [Doc. 46]; and the Defendant's "Response in Opposition to Plaintiff's Motion for Summary Judgment and Defendant's Motion for Leave to Withdraw or Amend Admissions" [Doc. 49].

## I.    PROCEDURAL BACKGROUND

The incarcerated Plaintiff, who is proceeding *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  The *pro se* Amended Complaint passed initial review on against Defendant Philemon for deliberate indifference, and the Court exercised supplemental jurisdiction

over a North Carolina negligence claim against him. [See Doc. 21]. Counsel appeared for the Plaintiff on June 17, 2021, after the case had passed initial review. [See Doc. 27 (Notice of Appearance)]. The Defendant filed an Answer and, on December 6, 2021, the Court entered a Pretrial Order and Case Management Plan under which discovery was due by April 4, 2022 and dispositive motions were due by May 2, 2022. [Doc. 34]. The scheduling order deadlines were later extended until September 6, 2022 to complete discovery, and until November 3, 2022 to file dispositive motions. [See April 6, 2022 Text-Only Order; October 4, 2022 Text-Only Order].

On August 5, 2022, the Plaintiff served the Defendant with the Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission. [Doc. 38-2]. On September 6, 2022, the Defendant's counsel contacted the Plaintiff's counsel to advise that he intended to seek a 30-day extension of the discovery deadline and that the Department of Public Safety ("NCDPS") would require a protective order to respond fully to the Requests for Production of Documents. [See Doc. 38-1: Gambale Decl. at ¶ 6]. The Plaintiff's counsel consented to an extension of the discovery deadlines and expressed his willingness to enter into a protective order. [Id. at ¶ 7]. Despite these representations, defense counsel did not seek an extension of the discovery deadline, and NCDPS did not

produce any documents, by the November 3, 2022 dispositive motions deadline. [Id. at ¶ 8].

The parties filed cross-motions for summary judgment on November 3, 2022. [Docs. 38, 40]. The Plaintiff's Motion for Summary Judgment [Doc. 38] was premised entirely on the Defendant's failure to respond to the Requests for Admission and, thus, those requests being deemed to be admitted.[1]

On November 4, 2022, the Defendant served the Plaintiff with his responses to Plaintiff's Requests for Admission. [See Doc. 50-1]. Defense counsel contacted the Plaintiff's counsel and explained that he had been unaware that there had been any requests for admission served in this case. [Doc. 50-2: Nichols Decl. at ¶ 2]. Defense counsel then asked for Plaintiff's counsel's consent to a motion to withdraw or amend the admissions, but Plaintiff's counsel declined. [Doc. 50-2 at 12].

On November 17, 2022, the Plaintiff filed the instant Motion to Strike the declaration and exhibits submitted by the Defendant in support of his Motion for Summary Judgment on the grounds that (1) the declaration

---

[1] Pursuant to Federal Rule of Civil Procedure 36, if a party served with Requests for Admissions does not respond within thirty days following service, the matters are deemed admitted, "unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36.

contradicted the admissions he made by his failure to respond to the Requests for Admission and (2) the exhibits consisted of documents that were never produced in discovery. [Doc. 43]. The Plaintiff also filed the instant Motion to Compel and for Sanctions, seeking an order compelling (1) the Defendant to respond to the Plaintiff's Interrogatories and Requests for Production of Documents and (2) NCDPS to respond to the Plaintiff's Subpoena for Production of Documents. [Doc. 46]. The Plaintiff also filed a Response in Opposition to the Defendant's Motion for Summary Judgment. [Doc. 48].

On November 17, 2022, the Defendant filed his Response in Opposition to the Plaintiff's Motion for Summary Judgment. [Doc. 49]. Contained within that Response is the Defendant's "Motion to Withdraw or Amend Admissions". [Id.]. The Plaintiff filed a Response in Opposition to this Motion on December 1, 2022. [Doc. 52]. That same day, the Defendant filed Responses to the Plaintiff's Motion to Strike and Motion to Compel. [Docs. 54, 55].

Having been fully briefed, these motions are ripe for consideration.

## II.    DISCUSSION

### A.    Defendant's Motion for Leave to Withdraw or Amend Admissions

The Defendant's "Motion for Leave to Withdraw or Amend Admissions" is contained within his Response in Opposition to Plaintiff's Motion for Summary Judgment.   [Doc. 49].   This Court's Local Rules prohibit the inclusion of motions within responsive pleadings.   See LCvR 7.1(c)(2). Ordinarily, the Court would strike or simply disregard a motion that was included within a summary judgment response.[2]   However, the Plaintiff has already responded to the Defendant's Motion.   [Doc. 52].   Further, denying the Motion at this stage would only serve to delay the disposition of the parties' summary judgment motions.   Accordingly, in the exercise of its discretion, the Court will entertain the Defendant's Motion.[3]

When a party receives a request for admissions, a matter is admitted "unless, within 30 days after being served," that party "serves on the requesting party a written answer or objection addressed to the matter and

---

[2] This Rule is not a mere technicality but rather serves a real, practical purpose.  A motion that is buried within a responsive pleading is not flagged as a motion within the CM/ECF system.  As such, no response deadline is created for that motion, and both the Court and the opposing party can be left unaware of the motion, resulting in unnecessary delays and inefficiency.

[3] Defense counsel is admonished, however, that future motions that fail to comply with this Court's Local Rules will be summarily denied.

signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "The purpose of such admissions is to narrow the array of issues before the court, and thus expedite both the discovery process and the resolution of the litigation." Adventis, Inc. v. Consol. Prop. Holdings, Inc., 124 F. App'x 169, 172 (4th Cir. 2005) (unpublished). Once admitted under Rule 36(a), the matter "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Withdrawal or amendment is permissible "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits…." Id. The party relying on the deemed admission has the burden of proving prejudice. United States for Graybar Elect. Co., Inc. v. TEAM Constr. LLC, 275 F.Supp.3d 737 (E.D.N.C. 2017). The type of prejudice contemplated by Rule 36 is "prejudice stemming from reliance on the binding effect of the admission;" mere inconvenience is insufficient. Acosta v. Mezcal, Inc., 2018 WL 4188448 (D. Md. Aug. 31, 2018) (quotations omitted). In particular, "reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice." Graybar, 275 F.Supp.3d at 737.

Here, the Court finds that the Plaintiff has failed to demonstrate that he would be prejudiced by granting the requested relief. The Plaintiff's

6

arguments at most demonstrate that the Plaintiff would be inconvenienced by allowing the Defendant to withdraw or amend his admissions. Further, the Court finds that granting the Defendant's motion would allow the resolution of this case on its merits. Accordingly, the Defendant's Motion for Leave to Withdraw or Amend is granted, and the Defendant's responses to the Requests for Admission filed on November 4, 2022 will be deemed to be timely filed.

## B.  Plaintiff's Motion to Strike

The Plaintiff moves the Court to strike the declaration and other documents submitted as exhibits in support of the Defendant's Motion for Summary Judgment. The Plaintiff contends that the declaration should be stricken because it contradicts matters that are deemed admitted by his failure to respond to the Plaintiff's requests for admissions. [Doc. 45 at 5-6]. As the Defendant has been allowed to amend his admissions, the Plaintiff's request to strike the Defendant's declaration is moot.

The Plaintiff moves to strike the Defendant's other summary judgment exhibits because these documents were never produced in discovery and address the same subject matter as Plaintiff's interrogatories and requests for production, to which the Defendant failed to timely respond. [See Doc. 45 at 6-8]. The Defendant, however, has now provided responses to the

Plaintiff's interrogatories and requests for production of documents [Doc. 55 at 7], and any resulting surprise or prejudice to the Plaintiff can be cured by allowing the Plaintiff to file an amended response to the Defendant's Motion for Summary Judgment.   Accordingly, the Plaintiff's Motion to Strike is denied.

The Plaintiff also seeks sanctions under Rule 37(d)(1).  [Doc. 45 at 8-9].  Rule 37(d) gives a district court wide discretion to impose sanctions for a party's failure to comply with discovery requests.  <u>Mutual Fed. Sav. And Loan Ass'n v. Richards & Assoc., Inc.</u>, 872 F.2d 88, 92 (4th Cir. 1989).  Before imposing sanctions under Rule 37(d), a court must consider:  (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the party's noncompliance caused the opposing party, which necessarily includes an inquiry into the materiality of the evidence that the noncomplying party failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.  <u>Zornes v. Specialty Indus., Inc.</u>, 166 F.3d 1212 (4th Cir. 1998) (table).

Here, defense counsel submitted a declaration stating that he was unaware of any requests for admission having been served.  [<u>See</u> Doc. 50-2 at ¶ 2].  However, these requests were included *in the same document* [Doc. 38-2] as the Plaintiff's interrogatories and requests for production of

documents, for which defense counsel sought an extension of time to respond. While counsel's assertion that he was "unaware" of these requests may not have been made in bad faith, defense counsel must realize that this level of disingenuousness with the Court is not taken lightly. The Court finds that there is a significant need for deterrence of this type of conduct. Moreover, the Court finds that the Plaintiff was prejudiced by defense counsel's actions, in that it put Plaintiff's counsel to extra, unneeded effort.

For all of these reasons, the Court will hold the Plaintiff's request for sanctions under Rule 37(d) in abeyance at this time. Plaintiff's counsel shall have an opportunity to submit an affidavit regarding the time and expense incurred as a result of defense counsel's failure to timely comply with the Plaintiff's discovery requests.

### D.    Plaintiff's Motion to Compel and for Sanctions

The Plaintiff moves to compel the Defendant to respond to the Plaintiff's Interrogatories and Requests for Production of Documents and to compel NCDPS to respond to the Plaintiff's Subpoena for Production of Documents. [Doc. 46].

It is well established that "a party must generally move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely." Wiener v. AXA Equitable Life Ins. Co., 481 F.Supp.3d

551, 561 (W.D.N.C. 2020) (quoting <u>Willis v. Cleveland Cty.</u>, No. 1:18-cv-292, 2020 WL 398508, at *3 (W.D.N.C. Jan. 23, 2020)) (collecting cases). The Pretrial Order entered in this Case specifically provides that "[m]otions to compel must be filed within the discovery period or they may be deemed waived." [Doc. 34 at 8-9]. Here, the Plaintiff filed the Motion to Compel more than two months after the discovery deadline expired. Accordingly, the Plaintiff's Motion to Compel is untimely and is therefore denied.[4]

### E.    Plaintiff's Motion for Summary Judgment

The Plaintiff moves for summary judgment solely on the grounds that by failing to respond to the Requests for Admission, the Defendant is deemed to have admitted every essential element of the Plaintiff's claims. [Doc. 38]. Because the Defendant has been allowed to amend his admissions, the Plaintiff's argument regarding the effect of his failure to respond to such admissions is now moot. Accordingly, the Plaintiff's Motion for Summary Judgment is denied.

**IT IS, THEREFORE, ORDERED** that:

1.    The Plaintiff's Motion for Summary Judgment [Doc. 38] is **DENIED**;

---

[4] Moreover, the Motion is moot insofar as defense counsel has now provided responses to all of the discovery requests at issue. [<u>See</u> Doc. 55 at 7].

2. The Plaintiff's Motion to Strike and for Sanctions [Doc. 43] is **DENIED IN PART** and **HELD IN ABEYANCE IN PART**. The Plaintiff's Motion to Strike is denied. As for the request for sanctions, that portion of the motion shall be held in abeyance. Plaintiff's counsel shall have **fourteen (14) days** from the entry of this Order to submit an affidavit detailing the time and expense incurred as a result of defense counsel's failure to comply with the Plaintiff's discovery requests;

3. The Plaintiff's Motion to Compel and for Sanctions [Doc. 46] is **DENIED**;

4. The Defendant's Motion for Leave to Withdraw or Amend Admissions [Doc. 49] is **GRANTED**; and

5. The Plaintiff may file a supplemental Response to the Defendant's Motion for Summary Judgment within **fourteen (14) days** of this Order. No further extensions will be granted except of a showing of exceptional circumstances.

**IT IS SO ORDERED**.

Signed: January 23, 2023

Martin Reidinger
Chief United States District Judge

11