THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00709-MR

| | |
|---|---|
| RICHARD BOLEN, | ) |
| Plaintiff, | ) |
| v. | ) **DEFENDANT'S RESPONSE TO** |
| | ) **THE COURT'S MEMORADNUM** |
| DARRICK PHILEMON, | ) **OF DECISION AND ORDER** |
| | ) **[D.E.63]** |
| Defendant. | ) |

NOW COMES Defendant, Darrick C. Philemon ("Defendant" or "Philemon"), through counsel, Special Deputy Attorney General Bryan G. Nichols, and hereby submits this Response to the Court's Memorandum of Decision and Order entered March 28, 2023 [D.E. 63], opposing Plaintiff's Motion seeking Sanctions under Rule 37(d)(1) [D.E. 45] and opposing Plaintiff's Counsel's Affidavit. [D.E. 62] In support of this Response, Defendant states as follows:

## Introduction

On March 28, 2023, the Court entered a Memorandum of Decision and Order in this matter granting Defendant's Motion for Summary Judgment in Part and Dismissing the Action with Prejudice except for the Plaintiff's negligence claim, which was dismissed without prejudice. [D.E.63] Counsel for Defendant was also ordered to show cause why sanctions should not be imposed. *Id.*

Sanctions should not be imposed because the inadvertent error in failing to respond to Plaintiff's requests for admission was not made in bad faith and Plaintiff has suffered no prejudice, as explained in further detail below.

## Factual and Procedural Background

Plaintiff Richard Bolen filed this § 1983 action in December 2019, alleging claims that arose out of an incident at the Lanesboro Correctional Institution. [D.E. 1] Although Defendant Philemon was not named in the initial complaint, Plaintiff's Amended Complaint alleged deliberate indifference and negligence claims against him. [D.E.21]

On June 1, 2021, Plaintiff's claims against Defendant Philemon survived initial review by the Court. [D.E. 23] On December 6, 2021, the Court entered a Pretrial Order and Case Management Plan, setting discovery to close on April 4, 2022 and dispositive motions to be filed by May 2, 2022.

The undersigned counsel was not involved in this case initially. Rather, for approximately the first 2.5 years, Defendant Philemon was represented by other attorneys from the Department of Justice.

## Discovery

On April 4, 2022, the day the discovery period was to close, Plaintiff's counsel filed a motion to extend the deadline to complete discovery until September 5, 2022. In the request, he cited additional medical treatment plaintiff had received and explained that "these developments require expert analysis of voluminous additional records, they have impeded Plaintiff from cooperating with his counsel for

2

prosecution of his case, and further discovery is needed to evaluate their impact." [D.E.35 at 4] At the time, neither Plaintiff nor Defendant had engaged in any discovery, including medical expert discovery.

On April 6, 2022, the Court entered a text order granting the five-month extension of time, with the discovery period ending September 6, 2022 and dispositive motions due by October 3, 2022.

On April 6, 2022, undersigned counsel, Bryan Nichols, was assigned to this case and filed a Notice of Substitution of Counsel. [D.E. 36] Plaintiff had not served discovery or taken any depositions. The respective attorneys never spoke on the phone and, at this point, had not exchanged emails.

On Friday, August 5, 2022, thirty days before the close of the extended discovery period, Plaintiff's counsel hand delivered to the NCDOJ a document containing Interrogatories, a Request for Production of Documents and a Request for Admissions. The one document contained all three combined discovery requests, and the request for admissions was listed on the final pages.

On August 26, 2022, ten days before the close of the extended discovery deadline, Plaintiff's counsel also served NCDPS, by hand delivery, with a subpoena seeking records regarding the investigation into the events that occurred at Lanesboro. Plaintiff asked NCDPS to produce the records by September 6, 2022, while also indicating that the deadline could be extended if needed, stating: "I would be glad to work with you toward any compromise that's necessary to avoid needless litigation over it."

On August 29, 2022, NCDPS responded to Plaintiff's subpoena and produced approximately 260 pages of prison records.

Extensions of Time

On September 6, 2022, undersigned counsel contacted Plaintiff's counsel by email requesting a 30-day extension of the discovery deadline. On September 7, 2022, Plaintiff's counsel responded to Defendant's email and said, "[R]egarding discovery more broadly, I would agree to an extension of the deadlines. I would like to speak with my client before we approach the court, merely because he is now hospitalized with life threatening illnesses. I think. I should check whether or not he's out of the woods in case his condition warrants a bigger modification." Upon information and belief, undersigned counsel did not hear back from Plaintiff's counsel. However, the undersigned recognizes that he should have followed up with Plaintiff's counsel to confirm his consent to an extension of the case schedule.

October 3, 2022, Defendant filed a motion to extend the dispositive motion deadline until November 3, 2022. [D.E. 37] Undersigned counsel now realizes this should have been a motion to extend all of the case management deadlines, including both the discovery deadlines and the dispositive motion deadlines. This was an oversight on undersigned counsel's part and was not done in bad faith.

On October 4, 2022, the Court entered a text order, granting the motion for an extension of time and stating that no further extensions would be granted. On October 3, 2022, prior to filing the motion for an extension of time, undersigned emailed Plaintiff's counsel regarding the extension and the need to enter a protective

order. On October 4, 2022, Plaintiff's counsel responded, consenting to a protective order.

During this same time, the undersigned managed an extremely heavy litigation load. Some of the undersigned's work during this same time period included: attending approximately two straight weeks of all-day depositions in a complex contract case; attending five day-long depositions in another complex federal case he was handling; preparing for hearing in a complex employment discrimination case; responding to numerous other discovery requests; defending a state agency in a fast-moving wrongful conviction federal action; and responding to many other federal, state and administrative deadlines, including dispositive motions. Undersigned counsel also became ill during this time period and was out of work for several days.

## Dispositive Motions Filed

On November 3, 2022 the parties filed cross-motions for summary judgment. [D.E. 38,40] Plaintiff's motion for summary judgment was based entirely on Defendant's inadvertent failure to respond to the request for admissions.

On November 4, 2022, as soon as undersigned counsel read Plaintiff's motion for summary judgment and realized that he had inadvertently overlooked the requests for admission, he immediately attempted to correct the oversight. The undersigned contacted Plaintiff's counsel to request an opportunity to correct what was clearly an accident. Plaintiff's counsel was unwilling to agree to any accommodations and filed his motion to strike, motion to compel, and motion for sanctions with the Court. [D.E.43, 46]

## The Court's Orders

On January 24, 2023, the Court entered an Order regarding Plaintiff's motion to strike and for sanctions, denying it in part and holding it in abeyance in part. [D.E. 59 at 11] The Order also denied Plaintiff's motion to compel, granted Defendant's Motion for Leave to Withdraw or Amend Admissions, and allowed Plaintiff to file a supplemental responses to Defendant's Motion for Summary Judgment. [D.E. 59]

On February 7, 2023, Plaintiff filed a supplemental response in opposition to Defendant's motion for summary judgment. [D.E. 60] On March 28, 2023, the Court entered a Memorandum of Decision and Order granting in part and denying in part Defendant's Motion for Summary Judgment. The Court dismissed the action with prejudice, except for Plaintiff's negligence claim, which was dismissed without prejudice. The Court further ordered Defendant to show cause why sanctions should not be imposed. [D.E. 63 at 19]

On March 28, 2023, Defendant's counsel reached out to Plaintiff's counsel to ask again whether he would withdraw his Motion for Sanctions based on the fact that the omission of discovery responses had clearly been an oversight and was not intentional. On March 29, 2023, Plaintiff's counsel responded that he was not able to consent to the request.

## Argument

### Plaintiff's Motion for Sanctions should be denied and the attorney's fees requested by Plaintiff should not be awarded.

Because Defendant and his counsel did not act in bad faith, and attempted to correct the inadvertent discovery error as soon as it was discovered, Plaintiff's motion for sanctions should be denied. Furthermore, because Plaintiff was able to obtain the relevant documents via subpoena, Plaintiff has suffered minimal, if any, prejudice from the undersigned counsel's inadvertent failure to respond to the request for admissions. The facts of this case do not warrant an award of attorney fees to plaintiff's attorney.

Rule 37(d) of the Federal Rules of Civil Procedure gives a district court broad discretion regarding sanctions for a party's failure to comply with a discovery request. *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.,* 872 F.2d 88. 92 (4th Cir. 1989). Courts apply a four-part test under Rule 37(d): "(1) whether the noncomplying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte-Mecklenburg Bd. of Educ.,* 269 F.3d 305, 348 (4th Cir. 2001). Rule 37(d) also allows the Court to take into consideration other circumstances that make an award of expense unjust. Fed R. Civ. P. 37(d)(3).

Further, the Federal Rules clearly require a party to make a good faith effort to obtain the discovery without court action. Under Rule 37(d)(1)(B) "A motion for sanctions for failing to answer or respond must include a certification that the movant

has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed R. Civ. P. 37(d)(1)(B).

### 1. Defendant and his counsel did not act in bad faith.

Undersigned counsel concededly failed to respond to the discovery request for admissions prior to the cross motions for summary judgment. However, that failure to respond was completely unintentional and was not the product of bad faith. As soon as the undersigned was made aware of the mistake, he made every effort to correct the oversight as soon as possible. Moreover, although Plaintiff's counsel did not "meet and confer" with the undersigned counsel prior to filing the motions for sanctions, the undersigned did reach out to Plaintiff's counsel to attempt to fix the error without involvement of the Court.

As outlined above, the undersigned counsel's litigation load was heavy during this time, and the undersigned readily admits to an oversight regarding the discovery responses. The undersigned should have responded to the requests for admission in advance of the dispositive motion deadline, but failed to do so. This mistake was not intentional, but rather was an inadvertent error. As soon as undersigned counsel was made aware of the oversight, he immediately took steps to correct the problem. This included reaching out to Plaintiff's counsel to see if he would consent to a filing that would correct the error.

It was also never undersigned counsel's intent to be disingenuous with the Court, but he realizes that his previous explanation of his actions in this situation

8

could have been better worded. Undersigned counsel admits that through inadvertence Defendant failed to respond to the request for admissions which were contained within the same document as other discovery requests. The inadvertent failure was owing to a heavy litigation workload during that time and was not done in bad faith.

### 2. Plaintiff was not prejudiced by the undersigned's mistake.

In addition to in the absence of bad faith, Plaintiff suffered little, if any, prejudice from the undersigned's error. Because of this, Plaintiff should not be awarded the attorney's fees submitted in his February 7, 2023 affidavit. [D.E. 61]

The undersigned concedes that he failed to respond to Plaintiff's requests for admission before the time for doing so expired. However, Plaintiff eventually received the necessary responses to the interrogatory requests, requests for production of documents, and requests for admission. Additionally, Plaintiff obtained approximately 260 pages of Plaintiff's inmate records from NCDPS on August 29, 2022 via subpoena. Given this extensive discovery, Plaintiff cannot—and has not— claimed that he needed Defendant's responses to prove his case. Moreover, notwithstanding the undersigned's error, this Court granted Defendant's motion for summary judgment. [D.E. 63] That judgment suggests that, even if the oversight had not occured, the outcome of this case would not have been any different. Plaintiff thus cannot prove prejudice.

9

Case 3:19-cv-00709-MR    Document 65    Filed 04/12/23    Page 9 of 11

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Sanctions and should not award attorney fees or other sanctions in this matter. The inadvertent discovery mistake was not the result of bad faith, and Plaintiff suffered no prejudice. Imposing sanctions would therefore be inappropriate under Rule 37.

Respectfully submitted the 12th day of April, 2023.

**JOSHUA H. STEIN**
**Attorney General**

/s/ Bryan G. Nichols
Bryan G. Nichols
Special Deputy Attorney General
N.C. State Bar No. 42008
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, North Carolina 27602-0629
Telephone:  (919) 716-6568
Facsimile:  (919) 716-6761
Email:  bnichols@ncdoj.gov

## CERTIFICATE OF SERVICE

I, Bryan G. Nichols, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system, which provides electronic notification to Plaintiff's counsel of record as follows:

Matthew Ryan Gambale
OSBORN GAMBALE BECKLEY & BUDD, PLLC
3801 Lake Boone Trail, Suite #400
Raleigh, NC 27607
matt@counselcarolina.com


This the 12th day of April, 2023.

                                       /s/ Bryan G. Nichols
                                       Special Deputy Attorney General
                                       Public Safety Section