# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:19-cv-00709-MR

| | |
|---|---|
| RICHARD BOLEN,      ) | |
|               ) | |
|     **Plaintiff,**     ) | |
|               ) | |
| **vs.**     ) | |
|               ) | |
| **FNU SMITH, et al.,**     ) | **ORDER** |
|               ) | |
|     **Defendants.**     ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Sanctions [Doc. 43].[1]

The incarcerated Plaintiff, who is proceeding in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. The pro se Amended Complaint passed initial review on a claim of deliberate indifference against Defendant Philemon, and the Court exercised supplemental jurisdiction over a North Carolina negligence claim against this Defendant as well. [See Docs. 21, 23]. Counsel appeared for the Plaintiff after the Amended Complaint was reviewed for frivolity. [Doc. 27].

---

[1] The portion of the Motion asking the Court to strike Defendant's declaration and exhibits in support of the Motion for Summary Judgment was previously denied. [See Doc. 59].

The parties filed cross-motions for summary judgment on November 3, 2022. [Docs. 38, 40]. The Plaintiff's Motion for Summary Judgment was premised entirely on the Defendant's failure to respond to the Requests for admissions. [Doc. 38]. The Defendant served the Plaintiff with his responses to the Requests for Admissions the next day, and filed a Declaration explaining that he had been unaware that there had been any requests for admission served in this case. [See Doc. 50-1]. The Plaintiff then moved to strike the Defendant's declaration and exhibits submitted in support of his Motion for Summary Judgment, and sought sanctions for Defendant's failure to response to his discovery requests. [Doc. 43; see Doc. 46].

The Court found that defense counsel's declaration was disingenuous, that there was a significant need for deterring this type of conduct, and that the Plaintiff was prejudiced in that it put Plaintiff's counsel to extra, unneeded effort. [Doc. Doc. 59 at 9]. The Court thus held the Plaintiff's request for sanctions in abeyance and provided Plaintiff's counsel with the opportunity to submit an affidavit regarding the time and expense incurred as a result of defense counsel's failure to timely comply with the Plaintiff's discovery requests. [Id.]. Plaintiff's counsel filed an Affidavit explaining that the time he spent as a result of defense counsel's failure to comply with the Plaintiff's discovery requests that would not have otherwise been necessary amounted

to $2,812.50. [Doc. 62]. On March 28, 2023, the Court ordered the Defendant to show cause why sanctions in the amount of $2,812.50 should not be imposed on defense counsel for the expenses that Plaintiff's counsel incurred as a result of defense counsel's failure to comply with Plaintiff's discovery requests. [Doc. 63]. Defense counsel filed a Response arguing that sanctions should not be imposed because counsel's failure to respond was an inadvertent error, there was no bad faith, and the Plaintiff suffered no prejudice. [Doc. 65]. The Plaintiff has not replied, and the time to do so has expired.

Rule 37(d) gives a district court wide discretion to impose sanctions for a party's failure to comply with discovery requests. Mutual Fed. Sav. And Loan Ass'n v. Richards & Assoc., Inc., 872 F.2d 88, 92 (4th Cir. 1989). Before imposing sanctions under Rule 37(d), a court must consider: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the party's noncompliance caused the opposing party, which necessarily includes an inquiry into the materiality of the evidence that the noncomplying party failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. Zornes v. Specialty Indus., Inc., 166 F.3d 1212 (4th Cir. 1998) (table).

The Court finds that defense counsel did not act in bad faith, but that his carelessness in responding to the discovery requests and in explaining the matter in his declaration, the need for deterring such conduct in the future, and the unnecessary expenditure of resources by defense counsel, warrants a sanction of $1000.00. [See Docs. 59, 63].

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Strike and for Sanctions [Doc. 43] is **GRANTED IN PART** and counsel for Defendant shall pay Plaintiff's counsel $1000.00 within 14 days of this Order.

**IT IS SO ORDERED**.

Signed: May 2, 2023

Martin Reidinger
Chief United States District Judge